UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE BOWMAN AND**<br>**A&H SOLUTIONS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1071** |
| **R. L. YOUNG, INC., d/b/a YOUNG**<br>**& ASSOCIATES** | **SECTION D (5)** |

### ORDER AND REASONS

Before the Court is Defendant R. L. Young, Inc. d/b/a YOUNG & Associates' Rule 12(b)(2) Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Transfer Venue to the Eastern District of Missouri.[1] Plaintiff Luke Bowman has filed an Opposition.[2] Defendant R.L. Young has filed a Reply.[3] The Court held oral argument on October 13, 2021. After careful consideration of the parties' oral arguments, briefs, the record, and the applicable law, the Court **DENIES** the Motion.

### I.   FACTUAL BACKGROUND

Plaintiffs Luke Bowman ("Mr. Bowman") and A & H Solutions, Inc. ("A&H") had a former business relationship Defendant R. L. Young, Inc. d/b/a YOUNG & Associates' ("YA") wherein YA engaged Mr. Bowman to provide repair estimating services for YA. Plaintiff Bowman and Defendant YA entered into an independent consulting agreement (the "ICA") as to certain terms.[4] At YA's request, Mr. Bowman moved to New Orleans to establish an office in the city for YA and to expand the

---

[1] R. Doc. 10.
[2] R. Doc. 17.
[3] R. Doc. 21.
[4] *See* R. Doc. 1-2, Petition ¶¶ 12, 17.

company's operations throughout the southeast United States.[5] As a result of this additional work, Plaintiffs claim that YA and Mr. Bowman entered into three oral agreements that entitled Mr. Bowman to be distributed certain override profit payments from YA profits and that YA failed to distribute such payments.[6]

On or about April 30, 2021, Plaintiffs filed a Petition for Unpaid Wages, Damages, and Declaratory Relief against YA in Orleans Parish Civil District Court.[7] Plaintiffs allege that YA's failure to pay Mr. Bowman certain override payments associated with YA's southeast region business activities constituted a breach of an oral agreement between Mr. Bowman and YA.[8] Additionally, Plaintiffs purport that YA's failure to pay the amounts described in the Petition constitutes fraud and fraudulent inducement.[9] Defendants removed the case to this Court on June 3, 2021 alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[10]

Defendant YA has filed a Motion to Dismiss, arguing Plaintiffs improperly filed this lawsuit in the Eastern District of Louisiana and that the ICA's choice of law provision mandates the lawsuit be filed in the Eastern District of Missouri.[11] Plaintiffs filed a Response, arguing that the harm to Plaintiff occurred in New Orleans and that the dispute stems from the oral agreements made between Plaintiff and YA in New Orleans.[12] Defendant filed a Reply asserting that the ICA and its

---

[5] *Id.* at ¶¶ 14-15.
[6] *Id.* at ¶¶ 27, 35-40.
[7] R. Doc. 1-2.
[8] *Id.* at ¶¶ 59-67.
[9] *Id.* at ¶¶ 88-96.
[10] R. Doc. 1.
[11] R. Doc. 10.
[12] R. Doc. 17.

choice of law provision governs this dispute.[13] Additionally, the Court held oral argument in the matter.[14]

## II. LEGAL STANDARD

### A. Rule 12(b)(2) Standard

When a nonresident moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden of establishing jurisdiction belongs to the plaintiff.[15] The Court takes all uncontroverted allegations in the complaint as true and resolves conflicts in the plaintiff's favor.[16] The Court may consider affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[17] The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of due process.[18] The limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, so the inquiry is simply whether this Court's exercise of jurisdiction over the defendant would offend due process.[19]

---

[13] R. Doc. 21.
[14] R. Doc. 51.
[15] *Hebert v. Wing Sale, Inc.*, 337 F. Supp. 3d 714, 717 (E.D. La. 2018) (citing *Luv N' Care v. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006)).
[16] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).
[17] *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).
[18] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).
[19] *Hebert*, 337 F. Supp. 3d at 717-18 (internal citations omitted).

### B. Jurisdictional Standard

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations."[20] As explained by the U.S. Supreme Court, "where individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."[21]

There are two types of jurisdiction: specific (also known as personal) jurisdiction and general jurisdiction. "Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation," and requires that "the defendant's suit-related conduct . . . create a substantial connection with the forum State."[22] The Fifth Circuit "applies a three-step analysis for the specific jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[23]

---

[20] *International Shoe Co. v. Washington*, 326 U.S., 310, 319 (1945).
[21] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).
[22] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014).
[23] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.[24] Thus where the defendant "deliberately" has engaged in significant activities within a state, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.[25]

While plaintiffs bear the burden of establishing specific jurisdiction, "[p]resenting prima facie evidence is sufficient for the plaintiff[s] to meet [their] burden of proof."[26] "The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor."[27] "In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[28]

---

[24] *McGee v. International Life Insurance Co.*, 355 U.S., 220, 223 (1957); *see also Kulko v. California Superior Court*, 436 U.S. 84, 94 (1976).
[25] *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 784 (1984); *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648 (1950).
[26] *Hernandez v. TransUnion Inc.*, No. CV 19-13091-WBV-DMD, 2020 WL 1492979, at *2 (E.D. La. Mar. 27, 2020) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)); *see also Seiferth*, 472 F.3d at 270.
[27] *Matter of Am. River Transp. Co. LLC*, No. CV 18- 2186, 2021 WL 1295017 (E.D. La. Apr. 7, 2021) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).
[28] *Am. River Transp.*, 2021 WL 1295017, at *2 (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)).

### III. ANALYSIS

#### A. Specific Jurisdiction

At oral argument, the parties conceded that general jurisdiction is not at issue. Accordingly, the Court limits its analysis as to whether it has specific jurisdiction over Defendant YA.

The Court finds that the Defendant has sufficient contacts to Louisiana to invoke specific jurisdiction. In his Complaint, Plaintiff alleges that he was asked to move to New Orleans to open a new office for YA there.[29] Indeed, the evidence in the record, as pointed out by Plaintiffs during oral argument, includes an email from Wade Bushman of YA to Eric Femme of YA authorizing payment for Plaintiff's moving expenses because "as you know YA relocated Luke Bowman to New Orleans last month."[30] Thereafter, Plaintiff established an office location and a PO box in New Orleans for the Defendant.[31] At YA's request, Plaintiff solicited business throughout Louisiana and expanded the company's operations throughout Louisiana and the southeast region. Defendant's website listed a New Orleans office at the location established by Plaintiff.[32] Further, in keeping with his newly expanded role, Plaintiff met with a representative of Defendant, Wade Bushman, first in 2015 and again in 2018 in New Orleans, and to discuss the override profit sharing program.[33] The oral agreements which resulted from these meetings form the basis of the current

---

[29] R. Doc. 17-2, Declaration of Luke Bowman, Exhibit 1.
[30] *Id.*
[31] R. Doc. 1-2, Petition ¶ 20.
[32] R. Doc. 17-3, Declaration of Luke Bowman, Exhibit 2.
[33] R. Doc. 17-1, Declaration of Luke Bowman.

lawsuit.[34] Further, YA hosted marketing events during Mardi Gras in New Orleans from 2016 to 2020 and often conducted business and leadership meetings in New Orleans during these events.[35] At the Motion to Dismiss stage, the allegations of the complaint are taken as true and all factual conflicts are resolved in the plaintiff's favor.[36] The facts as evidenced by the Complaint as well as the evidence in the record establish through numerous ongoing contacts that YA availed itself of the opportunity to conduct business in New Orleans. As a result, based on the allegations in Plaintiffs' Complaint as well as the associated declarations and exhibits, the Court finds that Plaintiff has alleged sufficient facts to establish specific jurisdiction in the Eastern District of Louisiana.

### B. Transfer of Venue

The Court next considers whether a transfer of venue, specifically to the Eastern District of Missouri, is appropriate. A district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any district "where it might have been brought."[37] "The plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed."[38] Therefore, the burden is on the moving party—here, YA—to show "good cause for transfer by clearly

---

[34] R. Doc. 1-2, Petition ¶ 27, 35-40.
[35] R. Doc. 17-1, Declaration of Luke Bowman.
[36] *Matter of Am. River Transp.*, 2021 WL 1295017 (citing *Thompson*, 755 F.2d at 1165).
[37] 28 U.S.C. § 1404(a).
[38] *Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 544 (E.D. La. 2015) (citing *Carpenter v. Parker Drilling Offshore USA, Inc.*, No. 05–265, 2005 WL 1432373, at *1 (E.D. La. June 16, 2005)).

demonstrating that a transfer is for the convenience of the parties and witnesses, in the interest of justice."[39]

To determine whether a transfer is warranted, courts consider both private and public interest factors, which are to be considered equally—none of the factors has dispositive weight.[40] "The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[41] The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[42]

The Court finds that there is no need to transfer this matter for convenience to the Eastern District of Missouri. After hearing oral argument from both Plaintiff and Defendant, the Court finds that Defendant failed to demonstrate that a transfer is for the convenience of the parties and witnesses. The Court first considers the private interest factors. The Court finds that the transfer of documents, all of which are stored electronically, is equally convenient whether the case resides in this district or

---

[39] *Asevedo v. NBC UNIVERSAL MEDIA, LLC*, 921 F. Supp. 2d 573, 591 (E.D. La. 2013) (citing *In re Volkswagen of Am.*, Inc., 545 F.3d 304, 315 (5th Cir. 2008)).
[40] *Id.* at 591.
[41] *Id.*
[42] *Id.*

in Missouri. While Defendant has multiple employees who work in St. Louis, Missouri, it is not apparent to the Court that any of these employees will be called as witnesses in the present case. Rather, the relevant witnesses who work for Defendant reside in Washington (Eric Emme) and Tennessee (Wade Bushman). Finally, if the case were transferred, the parties would have to confer with a newly assigned judge to reschedule deadlines and find a new trial date, which would inevitably cause further delay.

The Court next considers the public interest factors. While the Eastern District of Missouri has less cases on its docket than this district, the Court is confident this case will be resolved quickly and efficiently. In addition, Plaintiff, a New Orleans resident suing Defendant in relation to oral agreements allegedly made in New Orleans, has an interest in having this case decided close to home. Finally, the Court does not anticipate any conflicts of laws arising in the present dispute.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant YA's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Transfer Venue to the Eastern District of Missouri is **DENIED**.

New Orleans, Louisiana, November 16, 2021.

**WENDY B. VITTER**
**United States District Judge**