UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LUKE BOWMAN, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 21-1071**

**R.L. YOUNG, INC., ET AL.**                              **SECTION: D (5)**

ORDER AND REASONS

Before the Court is Plaintiff Luke Bowman's ("Plaintiff" or "Bowman") and

Counter-Defendant Undisputed Consulting, LLC's[1] ("Undisputed") Motion *In Limine*

to exclude evidence of Undisputed's profits and evidence regarding Bowman's divorce

proceedings.[2]  Defendant R.L. Young, LLC ("YA" or "Defendant") filed an opposition

to this motion.[3]

After careful consideration of the parties' memoranda, the record, and the

applicable law, the Motion is **DISMISSED as moot** in part, **GRANTED** in part, and

**DENIED** in part.

### I.     Evidence Regarding Undisputed's Profits[4]

Bowman and Undisputed seek to exclude certain evidence regarding the

amount of profits made by Undisputed on grounds that such evidence is irrelevant

under Fed. R. Evid. 401 and is likely to confuse the issues and mislead the jury under

---

[1] Undisputed Consulting, LLC was terminated as a party to this matter on July 29, 2022, after the instant Motion was filed.  *See* R. Doc. 164.  As will be discussed, the portions of this Motion relating to Undisputed are now moot.
[2] R. Doc. 147.
[3] R. Doc. 155.
[4] As the Factual and Procedural Background in this matter has been extensively detailed in prior orders, the Court limits its recitation to facts relevant to this Motion. *See, e.g.,* R. Docs. 61, 163, and 164.

Fed. R. Evid. 403.[5]  Because Undisputed has been terminated as a party, and because

the Court has dismissed the claim to which this Motion *In Limine* relates, the Court

**DENIES AND DISMISSES as moot** the motion to exclude evidence relating to

Undisputed's profits.

>    **II.    Evidence Relating to Bowman's Marriage and Divorce
>             Proceedings**

Plaintiff next seeks to exclude certain documents arising out of or relating to

his own divorce proceedings on grounds of relevancy under Fed. R. Evid. 401, on

grounds of prejudice and confusion of the issues under Fed. R. Evid. 403, and on

grounds of inadmissible character evidence under Fed. R. Evid. 404(a)(1).[6]  The Court

separately addresses the three distinct pieces of evidence Plaintiff seeks to exclude.

>    **A.  E-Mail Between Bowman and Bushman**

Plaintiff moves to exclude evidence and testimony relating to an e-mail

exchange between Plaintiff and Wade Bushman regarding Plaintiff's status as a

partner while working at Young & Associates.[7]  In that e-mail, dated June 2, 2020

and sent by Plaintiff to Bushman, Plaintiff explains that he is unable to accept the

title of Partner because "any changes in [Plaintiff's] current title and/or compensation

could negatively impact my personal situation until the divorce is finalized."[8]

---

[5] *See* R. Doc. 147 at p. 4.
[6] Although Plaintiff cites Fed. R. Evid. 404(a)(1) as grounds for exclusion, he provides no argument as to how that Rule relates to the evidence at hand.  The Court does not find that any of the documents discussed below have any potential connection to inadmissible character evidence as none are being used for propensity purposes.  Accordingly, the Court will not separately address Fed. R. Evid. 404 for each document as the Court finds the argument to be without merit.
[7] R. Doc. 147-1 at pp. 6–7.
[8] *Id.* at p. 6.

Plaintiff argues that this e-mail fails to meet the standards for relevancy under Fed. R. Evid. 401 because the fact that Plaintiff declined the title of partner has no bearing on his claim that Defendant failed to pay the profit-sharing payments allegedly owed to him.[9]  Plaintiff also cites Fed. R. Evid. 403 as a basis to exclude the email, presumably on grounds that the probative value of the e-mail is substantially outweighed by the danger of prejudice to the Plaintiff and the danger of misleading or confusing the jury.[10]  In response, Defendant argues that the e-mail is relevant "as it disproves [Plaintiff's] claims for retroactive compensation and is of consequence in determining the claim as it disproves [Plaintiff's] theme that he was troubled by the lack of written agreements."[11]  The Court addresses each of these arguments in turn.

Initially, it is unclear to the Court whether Plaintiff is still seeking damages for retroactive partner compensation.  As Defendant notes, while Plaintiff explicitly provided for $78,386.00 in damages related to "partner rate" in Plaintiff's first Damage Model,[12] Plaintiff does not expressly include these alleged damages in his amended Damages Report.[13]  While Defendant alleges that "those damages seem to be included in [Bowman's] claim for damages under the LWPA,"[14] the Court has since dismissed Plaintiff's LWPA claim, rendering moot any issue of damages related to

---

[9] *Id.* at p. 7.

[10] *Id.*  The Court notes that Plaintiff merely listed Fed. R. Evid. 403 as a ground for exclusion without providing any argument as to why the email should be excluded on that basis.  However, the Court believes appropriate to consider reasons for exclusion on Rule 403 grounds.

[11] R. Doc. 155 at p. 3.

[12] *Id.* at p. 1 n.1 (citing Ex. 2, Bowman's First Damage Model, BOWMAN_1095–1096).

[13] *Id.*  Defendant has filed a Motion *in Limine* seeking to exclude Plaintiff's Supplemental Damage Models.  *See* R. Doc. 148.  The Court's Order and Reasons on that Motion is being filed contemporaneously with the Order and Reasons on this Motion.

[14] R. Doc. 155 at p. 2.

that claim.[15]  Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.[16] At this juncture, based on the information before it, the Court does not see how the email exchange is relevant to any calculation of damages for Plaintiff's remaining claims.  However, should Plaintiff make arguments at trial regarding damages based on alleged partner status, Defendant will be allowed to renew arguments as to the admissibility of the e-mail.

Regarding Defendant's second argument for the relevance of the email—that the email helps to disprove Plaintiff's theme of the case—the Court finds that this is not a valid ground for relevance under Fed. R. Evid. 401. Plaintiff's purported "theme" in this case, or Defendant's interpretation of Plaintiff's theme, is of no "consequence in determining the action."[17]  That Plaintiff may or may not have been troubled by a supposed lack of writings has no direct relevance to the claims he has brought as Plaintiff's sincerity of his alleged concern over the lack of writings in no way has "any tendency to make a fact [of consequence] more or less probable."[18]  Of consequence to this action is whether Defendant made certain promises and representations to Plaintiff and consequently failed to pay Plaintiff in accordance with those alleged promises, not whether Plaintiff was troubled by the lack of writings.  Moreover, accepting Defendant's assertion that the Plaintiff's theme is that he was troubled by the lack of written agreements, it is not clear to the Court how this email either

---

[15] *See* R. Doc. 169.
[16] *See* Fed. R. Evid. 401.
[17] *Id.*
[18] *Id.*

disproves or undercuts Plaintiff's theme of the case. That there was at least one written communication between Plaintiff and Defendant does not disprove that Plaintiff was troubled by the general lack of writings between him and the Defendant.

While all relevant evidence is admissible, the Court may exclude evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[19] The Court finds that even if the email passes the relevancy test, it should be excluded on Rule 403 grounds as the prejudicial effect substantially outweighs the minimal probative value of the document.[20] Information regarding the Plaintiff's divorce—where the facts and details of the divorce are of no consequence to the claims presented in the case—serve only to disparage and embarrass the Plaintiff. Although the Court agrees with Defendant that certain evidence regarding Plaintiff's personal life may have been relevant to parts of Defendant's case,[21] the Court notes that with the dismissal of Defendant's counterclaim against Plaintiff, much of the relevance of these personal details of Plaintiff has been eliminated. That being said, as discussed earlier, were Plaintiff to argue at trial for retroactive partner damages where his status as a partner would be relevant to the issue, the probative value of the email exchange may no longer be substantially outweighed by the danger of unfair prejudice to Plaintiff.

---

[19] Fed. R. Evid. 403.
[20] *Id.*
[21] *See, e.g.*, R. Doc. 155 at p. 8 ("[Defendant] will argue at trial that . . . [personal reasons] . . . was the catalyst for [Plaintiff]'s vengeful scheme to launch Undisputed and was the impetus for these bogus claims. As [Plaintiff] has attempted to argue, intent plays a major role in [Defendant]'s claims for tortious interference and unfair trade practices.").

**B. Bowman's Response to Wife's Motion for Temporary Support and Motion for Pendente Lite Attorney's Fees and Attached Income and Expense Statement**

Plaintiff also seeks to exclude evidence of legal filings made by Plaintiff relating to his divorce proceedings with his wife.[22]  Specifically, Plaintiff moves to exclude his written Response to Wife's Motion for Temporary Support and Motion for Pendente Lite Attorney's Fees ("Response") as well as several documents attached to that Response asking Plaintiff to report in an "Income and Expense Statement," *inter alia*, his "Gross Monthly Wages" and "Other net income (specify interest, rent, business profits, spousal support, etc.).[23]  Plaintiff argues the information contained in these filings should be excluded under Fed. R. Evid. 401 for lack of relevance as it "has absolutely nothing to do with this case,"[24] under Fed. R. Evid. 403 for the potential for prejudice, confusion of the issues, and misleading of the jury, and under Fed. R. Evid. 404(a)(1) as inadmissible character evidence.[25]

Defendant counters that the information contained within these filings as it relates to Plaintiff's purported income is directly relevant to Plaintiff's claims as it tends to establish that Plaintiff did not truthfully believe that he was owed the money he now claims he was entitled to.[26]  It is the Court's understanding that Defendant wishes to introduce only the portions of these documents relating to Defendant's

---

[22] R. Doc. 147-1 at pp. 4–6.
[23] *Id.*
[24] *Id.* at pp. 4–5.
[25] *Id.* at p. 5.
[26] R. Doc. 155 at pp. 5–6.

proclaimed finances and not to the documents as a whole, replete with salacious and

highly prejudicial details regarding Plaintiff's marriage and divorce.[27]

### 1.  Paragraph 14 of Bowman's Response

The Court finds that the only potentially relevant portion of Plaintiff's

Response is paragraph 14[28] in which Plaintiff states:

> While the Husband has been able to earn considerable
> income in the past few years, he has not historically earned
> the amounts he has been able to make in the last two years.
> The Husband's income is variable but has been
> significantly higher in the last two years due to the impact
> of four major hurricanes, Harvey, Irma, Florence, and
> Michael in 2017 and 2018.  The proceeds from the work
> done by the Husband and his company in response to these
> events were earned into early 2019.   There were no
> significant hurricanes in 2019 and, therefore, the
> Husband's future income will decrease.[29]

The Court agrees with Defendant that this statement by Plaintiff is relevant

as it relates directly to the issue of what Plaintiff believed he was to earn during some

of the relevant years in question.  Relevant evidence need have only "any tendency"

to make a fact of consequence more or less probable—the Court may not exclude

evidence on relevancy grounds because it views that tendency to be slight.[30]  Here,

Plaintiff's own statement regarding his expected future earnings has direct bearing

on his breach of contract and fraud claims as his admission that his earnings were

---

[27] During the Pre-Trial Conference held on Monday, August 22, 2022, counsel for Defendant indicated that Defendant intends to only use a select portion of these documents relative to finances and exclude material regarding Bowman's personal life.
[28] Both Defendant and Plaintiff appear to concur that this Paragraph is the only potentially relevant part of the Response.  It is the Court's understanding that Defendant seeks to introduce only this paragraph from Bowman's Response.
[29] R. Doc. 155 at p. 4 (citing Ex. 7).
[30] *See, e.g.*, *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 809 (5th Cir. 2017) ("[T]he bar [for relevance] is low . . . .").

likely to go down tends to make it less probable that Defendant made certain promises to Plaintiff regarding profit increases.

Moreover, the Court does not find that this evidence is substantially outweighed by danger of prejudice to the Plaintiff or by potential confusion of the issues.  The mere fact that the document relates to a divorce proceeding is not a *per se* ground for exclusion under Fed. R. Evid. 403; nor does Paragraph 14 contain any objectionable or inflammatory personal details about Plaintiff.  While the Court disagrees that information regarding a person's divorce, especially in today's age, would be prejudicial, it also notes that a bare showing of prejudice alone, if there were any, is insufficient to satisfy the Fed. R. Evid. 403 bar.[31]  "Certainly, Rule 403 does not permit the court to exclude . . . evidence simply because it may hurt [a party]."[32] Insofar as Defendant limits its use of Plaintiff's Response to the statement in Paragraph 14, the Court finds that the probative value of such evidence is not substantially outweighed by a danger of unfair prejudice to Plaintiff.

Similarly, the Court does not find that the evidence should be excluded due to the possibility of confusing the issues, misleading the jury, or wasting time.  As discussed above, the Court has limited the use of Plaintiff's Response solely to the answer in Paragraph 14 as it relates to Plaintiff's self-declared financial status. Because of the limited scope of the evidence, as well as its potential probative value,

---

[31] *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

[32] *Old Chief v. United States*, 519 U.S. 172, 193 (1997) (O'Connor, J., dissenting).

the Court is unable to agree with Plaintiff that the probative value is substantially outweighed by any alleged Fed. R. Evid. 403 danger.[33]

## 2.  Bowman's Attached Financial Declarations and Statements

Plaintiff also seeks to exclude related evidence pertaining to Plaintiff's self-declared finances that were attached to Plaintiff's Response as an exhibit.[34]  In that document, Plaintiff represented that his "Gross Monthly Wages" was $40,047.21; additionally he listed "N/A" in the blank asking him to indicate his "Other net income (specify interest, rent, business profits, spousal support, etc.)."[35]  Plaintiff argues that this document and his responses to it are irrelevant as "[h]e was only asked to report the income he had received from YA, which he did," and he was not asked "to indicate whether he believed he was owed anything more than what YA paid him."[36] Plaintiff's argument is essentially that he wrote down in the financial statements only the income that he actually received from Defendant and not income that he was allegedly promised by Defendant but never received.

Defendant counters that Plaintiff's failure to include the alleged amounts owed to him by Defendant as "Other net income"—amounts that he now seeks as damages from Defendants—indicates that Plaintiff either did not actually believe he was owed

---

[33] If appropriate, the Court may also give a limiting instruction to the jury on the introduction of certain evidence.

[34] R. Doc. 147-1 at pp. 5–6.

[35] R. Doc. 155 at pp. 5–6; R. Doc. 147-3 at p. 6.  The Court notes that the attached exhibits are nearly impossible to decipher due to low quality of the photocopy.  Moreover, the Court appears not to be the only one with difficulty reading and comprehending the documents.  During his deposition, Bowman alleged to also have difficulty reading the exhibit.  *See, e.g.*, R. Doc. 147-4 at p. 5 ("It's not legible on my document.").

[36] R. Doc. 147-1 at p. 5.

the additional amounts or that he misrepresented his income in the divorce proceeding.[37]

The Court finds Defendant's arguments uncompelling.  Were Plaintiff to include in his "Gross Monthly Wages" income that he did not actually receive but that he believed, for one reason or another, he was entitled to, such a representation would most likely be fraudulent.  Contrary to Defendant's position, Plaintiff's representation of the amount of income that he *actually made* does not undercut his claim that Defendant made certain promises to him regarding increased profit sharing.  Put another way, the fact that Plaintiff did not include income that he never received on a form asking him to indicate the income that he *does* receive has no tendency to make more or less probable a fact of consequence in his claims for, *inter alia*, fraud and breach of contract.  Indeed, Plaintiff's answer to the interrogatory would have been the same regardless of whether Defendant did in fact promise Plaintiff additional income as Plaintiff alleges or whether Defendant made no such promise.  Because Plaintiff's answer to the Income Statements has no bearing on or relevance to his claims at bar, the Court finds that such documents are inadmissible as irrelevant under Fed. R. Evid. 401.

Defendant also contends that Plaintiff inaccurately reported his "Gross Monthly Wages."  Defendant claims that Plaintiff was off by around $3500.[38] Further, Defendant argues that, because Plaintiff is relying on his own testimony to prove his claim, his credibility will be at issue and Defendant should be allowed to

---

[37] R. Doc. 155 at p. 6.
[38] *Id.* at pp. 6–7.

cross-examine him on this information.  The Court agrees.  Defendant may cross-examine Plaintiff about the document for purposes of impeaching his credibility.  However, while Defendant may inquire about this discrepancy on cross-examination of Plaintiff, Defendant may not introduce the document into evidence due to Fed. R. Evid. 608(b)'s prohibition of extrinsic evidence to impeach a witnesses' character for truthfulness.[39]

### III.    Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion *In Limine*[40] is **DISMISSED as moot** in part, **GRANTED** in part, and **DENIED** in part.

New Orleans, Louisiana, September 1, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[39] Fed. R. Evid. 608(b).
[40] R. Doc. 147.